JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONIA BUELL,<br><br>                Plaintiff,<br><br>    v.<br><br>PEPSICO, INC., *et al.*,<br><br>                Defendant. | Case No. 2:24-cv-01832-FLA (KSx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

### RULING

On September 21, 2023, Plaintiff Tonia Buell ("Plaintiff") filed a Complaint against Defendants PepsiCo, Inc. ("Pepsi"), Stadco LA, LLC ("Stadco"), and DOES 1 through 20 (collectively, "Defendants") in the Los Angeles County Superior Court, based on an incident at SoFi Stadium in Inglewood, California, where she allegedly fell off a swing. Dkt. 1-2 ("Compl") ¶¶ 19–20 ("Ms. Buell sat on the swing and its seat immediately and unexpectedly tilted backward. [She] was instantly thrown to the ground …"). The Complaint asserts state-law claims for: (1) negligence; (2) negligent training, supervision, and retention; and (3) premises liability. *Id.* at 1.

On March 6, 2024, Pepsi removed the action to this court based on alleged diversity jurisdiction. *See* Dkt. 1. In its Notice of Removal, Pepsi alleges the court

has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000. Dkt. 1 ¶ 4.

On April 22, 2024, the court ordered the parties to show cause why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 20. Pepsi and Plaintiff filed responses. Dkt. 21 ("Pepsi's Resp."); Dkt. 22 ("Pl.'s Resp."). Stadco did not file a response.

Having reviewed the Notice of Removal and Plaintiff and Pepsi's Responses, and for the following reasons, the court finds Pepsi fails to establish subject matter jurisdiction and accordingly REMANDS this action to the Los Angeles County Superior Court.

## **DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the

1  amount in controversy "by a preponderance of the evidence." *Id.* at 88–89.  "Federal
2  jurisdiction must be rejected if there is any doubt as to the right of removal in the first
3  instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  It is Defendant's
4  burden as the removing party to justify this court's exercise of jurisdiction.  *Id.* at 567.

5        Here, the amount of damages Plaintiff seeks cannot be determined from the
6  Complaint, as it does not set forth a specific amount.  *See* Compl.  Pepsi, however,
7  contends the amount in controversy is met because Plaintiff refuses to stipulate that
8  the amount in controversy is less than $75,000.  Pepsi's Resp. ¶ 3.  However, "district
9  courts in this circuit have persuasively rejected the proposition that the amount in
10 controversy can be established by a plaintiff's refusal to stipulate to the amount in
11 controversy."  *Schiller v. David's Bridal, Inc.*, Case No. 1:10-cv-00616-AWI, 2010
12 WL 2793650, at *4–5 (E.D. Cal. July 14, 2010) (collecting cases).  "[T]he burden is
13 on the defendant, not the plaintiff, to establish by a preponderance of evidence the
14 amount in controversy."  *Id.*, at *5.  "The opponent of federal jurisdiction (typically
15 the plaintiff in the removal context) has no obligation to stipulate to damages or assist
16 the other party in establishing the amount in controversy."  *Id.*

17       Pepsi next points to Plaintiff's claim that her "realistic provable damages
18 exceed $10,000,000.00."  Pepsi's Resp. ¶¶ 6, 8; Dkt. 16 ("Rule 26(f) Report") at 8.  A
19 statement of damages "is relevant evidence of the amount in controversy if it appears
20 to reflect a reasonable estimate of the plaintiff's claim."  *Cohn v. Petsmart, Inc.*, 281
21 F.3d 837, 840 (9th Cir. 2002).  "A plaintiff's damage estimate will not establish the
22 amount in controversy, however, if it appears to be only a bold optimistic prediction."
23 *Romsa v. Ikea U.S. W., Inc.*, Case No. 2:14-cv-05552-MMM (JEMx), 2014 WL
24 4273265, at *2 (C.D. Cal. Aug. 28, 2014) (internal quotation marks omitted).
25 Plaintiff's estimate of $10,000,000 in damages is clearly a "bold optimistic
26 prediction" and not a reasonable estimate of her claims.  *See id.* ("The leap from
27 $4,597.77 in medical expenses incurred to [defendant's] assertion that [plaintiff's son]
28 has suffered damages in excess of $75,000 because he cries a lot and wakes up several

times a night is difficult to credit. [Defendant] cites no facts that indicate a damages award anywhere near $75,000 – let alone $1,000,000 – is likely."). Significantly, Plaintiff cites no facts to explain how she determined the $10,000,000 amount. *See* Rule 26(f) Report at 7–8; *see also Romsa*, 2014 WL 4273265, at *2 (remanding action where Plaintiff's statement of damages did not explain how he arrived at the damages estimated); *Schroeder v. Petsmart, Inc.*, Case No. 2:19-cv-01561-FMO (AGRx), 2019 WL 1895573, at *2 (C.D. Cal. Apr. 29, 2019) (same); *Mata v. Home Depot U.S.A., Inc.*, Case No. 2:22-cv-01758-FMO (AFMx), 2022 WL 3586206, at *2 (C.D. Cal. Aug. 22, 2022) (same); *see also Owens v. Westwood Coll. Inc.*, 2013 WL 4083624, at *4 (C.D. Cal. Aug. 12, 2013) (finding plaintiff's settlement demand letters could not be used to establish the amount in controversy requirement because they "demand[ed] an arbitrary settlement figure, with no showing of how [the] figure was calculated").

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court is not persuaded Pepsi has proved by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. Therefore, there is no basis for diversity jurisdiction. *See* 28 U.S.C. § 1332.

## CONCLUSION

For the foregoing reasons, the court REMANDS the action to the Los Angeles County Superior Court, Case No. 24TRCV00356. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: May 15, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge